UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GLASS, | CASE NO. 1:09-cv-1687-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| J. WHITE, et al., | (ECF No. 1) |
| Defendants. | DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF A BLANK AMENDED COMPLAINT FORM AND A COPY OF HIS SEPTEMBER 23, 2009 COMPLAINT |
| | PLAINTIFF'S AMENDED COMPLAINT DUE OCTOBER 15, 2010 |

## **SCREENING ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Raymond Glass, a state prisoner proceeding pro se and in forma pauperis, submitted a letter to the Clerk of this Court on September 23, 2009. (ECF No. 1.) Plaintiff's letter alleges that prison officials at Kern Valley State Prison did not follow the proper procedures in disciplining Plaintiff in violation of 42 U.S.C. §§ 1981-1986 and 1988. The Clerk's Office opened a civil action based on this letter. The Court has reviewed the letter and construes it as a complaint because it arguably meets the requirements set forth in the Federal Rules of Civil Procedure. Fed. R. Civ. Pro. 7(a), 8(a), 10(a).

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## III. PLAINTIFF'S CLAIMS

Plaintiff appeared before the classification committee at Kern Valley State Prison on March 26, 2009. Defendant J. White asked Plaintiff for identification and Plaintiff handed him an identification card that had stickers covering his name and prison identification number. White began to remove the stickers and Plaintiff objected. When White refused to stop removing the stickers, Plaintiff snatched the I.D. from White's hand. Plaintiff was handcuffed and taken out of the hearing without further incident.

A Rules Violation Report ("RVR") was filed against Plaintiff charging him with

committing battery on a staff member based on his contact with White's hand when he snatched the I.D. out of it. A hearing on Plaintiff's RVR was held on July 17, 2009 but was recessed until the district attorney decided whether to prosecute. Plaintiff was placed in administrative segregation ("Ad-Seg") pending resolution of the RVR.

Plaintiff alleges that his right to due process under the Fourteenth Amendment was violated in the filing and processing of the RVR. Specifically, Plaintiff claims that he[1] was not allowed to attend portions of the disciplinary hearing in violation of 15 CCR §3320(1). Plaintiff also alleges that prison officials refused to allow him to present documentary evidence in violation of 15 CCR § 3320. Plaintiff asks the Court to dismiss his disciplinary hearing based on these violations.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, a plaintiff must

---

[1] The Complaint alleges that the "Third Party Intervenor" was not allowed to be present at the hearing or to present documentary evidence. However, for purposes of the instant order, the Court assumes that the "Third Party Intervenor" was Plaintiff. The Court also assumes that references to the "Secured Party" and "Holder-in-Due-Course" are references to Plaintiff.

first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because Plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, he has not shown that he is eligible for relief under section 1983.

Moreover, even if Plaintiff had a liberty interest in remaining free from Ad-Seg, he has alleged no facts to support his claim that he was deprived of procedural due process protections. With respect to placement in Ad-Seg, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id.

Plaintiff was informed of the reason for his placement in Ad-Seg via the RVR. He was allowed to be present during the hearing on his RVR and removed only when he would not cooperate with the proceedings. Thus, even viewed in the light most favorable to Plaintiff, the allegations in Plaintiff's Complaint fall short of stating a claim for violating his due process.

Case 1:09-cv-01687-GSA   Document 13   Filed 09/13/10   Page 4 of 6

first have a liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because Plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, he has not shown that he is eligible for relief under section 1983.

Moreover, even if Plaintiff had a liberty interest in remaining free from Ad-Seg, he has alleged no facts to support his claim that he was deprived of procedural due process protections. With respect to placement in Ad-Seg, due process requires only that prison officials "hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated," that prison officials "inform the prisoner of the charges against [him] or the reasons for considering segregation," and that the prisoner be allowed "to present his views." Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Prisoners are not entitled to "detailed written notice of charges, representation by counsel or counsel substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation." Id.

Plaintiff was informed of the reason for his placement in Ad-Seg via the RVR. He was allowed to be present during the hearing on his RVR and removed only when he would not cooperate with the proceedings. Thus, even viewed in the light most favorable to Plaintiff, the allegations in Plaintiff's Complaint fall short of stating a claim for violating his due process.

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff one opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his original complaint, filed September 23, 2009;

2. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint by **October 15, 2010**; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this

////

////

////

1 | action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   September 10, 2010        /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE