# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GEORGE GLASS,<br><br>        Plaintiff,<br><br>    v.<br><br>J. WHITE,<br><br>        Defendant.<br>_____/ | CASE NO. 1:09-cv-1687-MJS (PC)<br><br>ORDER DENYING MOTION FOR SUMMARY JUDGMENT AND MOTIONS FOR TEMPORARY RESTRAINING ORDER<br><br>(ECF Nos. 6, 8 & 9) |

     Plaintiff Raymond George Glass, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2009. (ECF No. 1.) On September 13, 2010, the Court dismissed Plaintiff's Complaint for failure to state a claim and granted Plaintiff leave to amend. (ECF No. 13.) Plaintiff has not yet filed an amended complaint.

     Before the Court are Plaintiff's Motion for Summary Judgment and two Motions for Temporary Restraining Order. (ECF Nos. 6, 8 & 9.) Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief and/or summary adjudication, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983) ; Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the

core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

At this stage in the proceedings, Plaintiff has not stated any claims for relief which are cognizable under federal law. The Court dismissed Plaintiff's original complaint and no amended complaint has been filed. (ECF No. 13.) As a result, the Court has no jurisdiction to award any preliminary injunctive relief or to enter summary judgment.

Accordingly, Plaintiff's Motion for Summary Judgment and Motions for Temporary Restraining Order are DENIED without prejudice to refiling upon the filing of an amended complaint.

IT IS SO ORDERED.

Dated:   September 29, 2010          /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE