# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND GLASS, | 1:09-cv-01687-GSA-PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM (Doc. 17.) |
| v. | |
| J. WHITE, et al., | |
| Defendants. | ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.   RELEVANT PROCEDURAL HISTORY**

Raymond George Glass ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on September 23, 2009. (Doc. 1.)  On October 5, 2009, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On September 13, 2010, the Court dismissed the Complaint for failure to state a claim, with leave to amend. (Doc. 13.)  On November 5, 2010, Plaintiff filed an Amended Complaint, which is now before the Court for screening. (Doc. 17.)

## II. SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

## III. SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at Corcoran State Prison ("CSP") in Corcoran, California. The events at issue allegedly occurred at Kern Valley State Prison ("KVSP") in Delano, California, while Plaintiff was incarcerated there. (ACP, Doc. 17 at 1:15-16.) Plaintiff names as defendants Captain J. White, Harold Pope, E. Mendoza, F. P. Field, Lieutenant ("Lt.") Sandoval, and Sergeant ("Sgt.") Ledbetter ("Defendants").

Plaintiff alleges as follows in the Amended Complaint.

Plaintiff refers to himself as a "Secured Party/Creditor, registered 'FOREIGN STATE,' Third Party Intervenor, and Attorney-In-Fact for the Debtor." On February 26, 2010, Captain White and teacher Harold Pope were given notice of Plaintiff's lawful position as Secured Party. Lt. Sandoval, Sgt. Ledbetter, and Captain White, who are all employed at KVSP, knowingly used Plaintiff's

///

1 copyrighted name for commercial gain, without written authorization from Plaintiff and without
2 offering to pay Plaintiff for using his name.
3 Sgt. Ledbetter responded to the classification room where Plaintiff was handcuffed and being
4 led to a cage. When Sgt. Ledbetter saw Plaintiff, she assaulted him by yelling at the top of her voice
5 to all the responding officers, "Isn't somebody going to kick his fucking ass?" Sgt. Ledbetter also
6 attempted to incite staff members to batter Plaintiff.
7 Captain J. White stole Plaintiff's personal property. All of Plaintiff's personal property,
8 except his television, was seized and destroyed. Sgt. Ledbetter is also responsible for this. Plaintiff
9 has a commercial lien on all of his personal property. Plaintiff is not interested in being released from
10 administrative segregation; he is only interested in having his property returned to him. Plaintiff has
11 a lawful security interest in his I.D. Card, and if it is being destroyed, he has the superior claim.
12 On June 2, 2009, this matter was referred to the Kern County District Attorney ("D.A.") for
13 possible prosecution. On June 22, 2009, the D.A. elected not to prosecute. Plaintiff, as a Secured
14 Party/Creditor, registered "FOREIGN STATE" is immune from any such prosecution.
15 On March 26, 2009, Plaintiff received a Rules Violation Report ("RVR").
16 Plaintiff requests monetary damages and injunctive relief via an order dismissing his CDC-
17 115, placing him back in the position he was prior to receiving the CDC-115.
18 **IV. PLAINTIFF'S CLAIMS**
19 The Civil Rights Act under which this action was filed provides:
20 Every person who, under color of [state law] . . . subjects, or causes to be subjected,
any citizen of the United States . . . to the deprivation of any rights, privileges, or
21 immunities secured by the Constitution . . . shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.
22
23 42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal
Constitution and laws." Sweeney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
24
(internal quotations omitted). "To the extent that the violation of a state law amounts to the
25
deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
26
Section 1983 offers no redress." Id.
27
///
28

1  Plaintiff titles the Amended Complaint "First Amended Complaint; Request for Removal to
2 Federal Court Pursuant to 28 U.S.CA. § 1441(a)(b)(c)(d)(e)(f) by a Foreign State, 42 U.S.C. §§ 1981,
3 1982, 1983, 1985(2)(3), and 1986, Conspiracy, Retaliation, 42 U.S.C. 1988." (ACP, Doc. 17 at 4).
4 The statutes cited by Plaintiff relate to Removal, Contracts, Property Rights, Conspiracy, and Civil
5 Rights.  However, even liberally construed, the allegations in the Amended Complaint do not state
6 any cognizable claims upon which this action can proceed.

### A. Removal to Federal Court

Plaintiff requests removal of this action to federal court pursuant to § 1441.  Under 28 U.S.C. § 1441(a), "*the defendant or the defendants*" may remove from state court any action "of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a) (emphasis added).  Removal is available to defendants to an action, not to plaintiffs.  See id.  Moreover, Plaintiff has made reference to an existing state court action to be removed.  Therefore, Plaintiff's request for removal under § 1441 is DENIED.  To the extent that Plaintiff is requesting to file the Amended Complaint in federal court, this has been done.  The Amended Complaint was filed at the federal court on November 5, 2010.

### B. Conspiracy

Plaintiff attempts to bring a claim for conspiracy, citing §§ 1983 and 1985.

#### *§ 1983*

In the context of conspiracy claims brought pursuant to section 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988).  Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy.  Sykes v. State of California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under section 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d

4

1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers, 865 F.2d at 1541).

Plaintiff has not alleged any facts supporting the existence of an agreement or meeting of the minds among Defendants to violate Plaintiff's constitutional rights. Therefore, Plaintiff fails to state a claim for conspiracy for which relief can be granted under § 1983 against any of the Defendants.

### *§ 1985*

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Ana, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff does not allege facts to support the allegation that any of the Defendants entered into a conspiracy. Therefore, Plaintiff fails to state a claim for conspiracy for which relief can be granted under § 1985 against any of the Defendants.

**C.     Retaliation**

Plaintiff attempts to bring a claim for retaliation.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because

5

of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff fails to make any factual allegations that an adverse action was taken against him because of protected conduct. Therefore, Plaintiff fails to state a claim for retaliation.

### D. Personal Property

Plaintiff complains that Defendants Captain J. White and Sgt. Ledbetter stole his personal property and destroyed it. Plaintiff also alleges that defendants Lt. Sandoval, Sgt. Ledbetter, and Captain White used his copyrighted name for commercial gain without authorization. Plaintiff also alludes to the possible destruction of his I.D. card.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. Bodde, 32 Cal.4th

1  at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi, 839 F.2d
2  at 627.
3      Plaintiff alleges that his personal property was stolen and/or destroyed, which indicates that
4  the deprivation of property was intentional and unauthorized.  Thus, Plaintiff's remedy would be
5  found under California law.  Plaintiff fails to show compliance with the California Tort Claims Act,
6  and therefore his property claim is not cognizable under federal or state law.

    **E.**    **Assault**

8      Plaintiff also brings a claim for assault, alleging that defendant Sgt. Ledbetter yelled at him
9  and attempted to incite other staff members to injure Plaintiff.
10     First, Plaintiff is informed that violation of state tort law is not sufficient to state a claim for
11 relief under § 1983.  To state a claim under § 1983, there must be a deprivation of federal
12 constitutional or statutory rights.  See Paul v. Davis, 424 U.S. 693 (1976).  Although the court may
13 exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim
14 for relief under federal law.  See 28 U.S.C. § 1367.  In this instance, the Court fails to find any
15 cognizable federal claims in the Amended Complaint.  Therefore, Plaintiff's claim for assault fails.
16     Next, Plaintiff is advised that verbal harassment or abuse alone is not sufficient to state a
17 claim under section 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats
18 do not rise to the level of a constitutional violation, Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).
19     Therefore, Plaintiff fails to state a claim for assault, verbal harassment, or threats.

    **F.**    **Defendants Pope, Mendoza, and Field**

21     Plaintiff names Harold Pope, E. Mendoza, and F. P. Field as three of the defendants to this
22 action.  Plaintiff fails to make any allegations against defendants E. Mendoza or F. P. Field.  With
23 respect to defendant Harold Pope, Plaintiff only alleges that he was given notice of Plaintiff's lawful
24 position as Secured Party.
25     To state a claim under § 1983, Plaintiff must demonstrate that each defendant personally
26 participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
27 Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated
28 Plaintiff's constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Because Plaintiff fails to allege any

7

facts demonstrating that these defendants participated in the deprivation of his rights, Plaintiff fails to state any claims against them.

### G. Rules Violation Report

Plaintiff alleges that he received a Rules Violation Report on March 26, 2009, and he seeks to have the CDC-115 dismissed. Without more, these limited facts do not state any claim upon which relief can be granted.

## V. CONCLUSION

The Court finds that Plaintiff's Amended Complaint fails to state any claims upon which relief can be granted under section 1983 against any of the Defendants. In this action, the Court previously granted Plaintiff an opportunity to amend the complaint, with guidance by the Court. Plaintiff has now filed two complaints without alleging facts against any of the Defendants which state a claim under § 1983. Plaintiff appears incapable of curing the deficiencies outlined above by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief can be granted;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 15, 2011**         /s/ **Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE